FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   OCT 26 2011   ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DAVID GIUNTA,

    Plaintiff,

    v.

INDEPENDENT RECOVERY RESOURCES, INC.,

PAUL J. HOOTEN & ASSOCIATES, PLLC,

    Defendants.

COMPLAINT

**JURY TRIAL DEMANDED**

CV 11 5219

SUMMONS ISSUED

FEUERSTEIN, J

TOMLINSON, M

## INTRODUCTION

1.  This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

2.  Specifically, this action relates to Defendants' illegal and abusive attempts to collect a debt that Mr. Giunta does not owe, and to punish him for having the temerity to request an itemization of the charges he is being asked to pay.

## JURISDICTION AND VENUE

3.  Jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367.

4.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.  Venue in this District is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

6.  Plaintiff, David Giunta, is a natural person who has resided at all relevant times in Staten Island, New York.

7.  Mr. Giunta is a consumer as defined in the FDCPA § 1692a(3).

- 1 -

8.      Defendant, Independent Recovery Resources, Inc. (hereinafter "IRR"), is a foreign corporation engaged in the collection of debts in New York State with a principal place of business at 24 Railroad Avenue, Patchogue, New York 11772.

9.      Defendant IRR's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

10.     IRR is a debt collector as defined by FDCPA § 1692a(6).

11.     IRR is a licensed debt collection agency in the City of New York, and possesses license # 0951898, issued by the New York City Department of Consumer Affairs, such license permitting the lawful collection of debts within city limits.

12.     Defendant, Paul J. Hooten & Associates, PLLC (hereinafter "Hooten"), is debt collection law firm with a principal place of business at 5505 Nesconset Highway, Suite 203, Mt. Sinai, New York 11766.

13.     Defendant Hooten's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

14.     Hooten is a debt collector as defined by FDCPA § 1692a(6).

15.     Hooten is a licensed debt collection agency in the City of New York, and possesses license # 1280867, issued by the New York City Department of Consumer Affairs, such license permitting the lawful collection of debts within city limits.


## FACTS

16.     On or about May 10, 2010, Mr. Giunta had his appendix removed at Maimonides Medical Center in Brooklyn, New York.

17.     Shortly after his surgery, Mr. Giunta was contacted by the office of Leonid Chernobelsky, M.D., the surgeon who performed said appendectomy, seeking payment for the

25.     By letter dated April 26, 2011, IRR made good on the creditor's threat, issuing Mr. Giunta a new bill for $7,544.00.

26.     By letter dated August 9, 2011, Defendant Hooten," on behalf of Leonid Chernobelsky, MD" demanded "$7,744.00" from Mr. Giunta, thus raising the balance an additional $200 beyond the $7,544 previously (wrongfully) requested.

27.     Defendant Hooten's August 9th letter threatens litigation, stating that, "[u]nless we receive payment or hear from you regarding your past due balance, I may be forced to recommend to my client that they begin litigation to enforce this claim, as there appears to be no legal basis for your delay in payment of your obligation.  Your attention to this matter will be a positive way of avoiding possible legal action."

28.     By letter dated August 16, 2011, IRR finally sent Mr. Giunta what purported to be supporting documentation regarding its claim that Mr. Giunta owed "$7,744.00".  However, the very first page of the documentation provided is notated as follows: "Patient owe [sic] doctor $1,080.00."

## FIRST CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

29.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

30.     By undertaking the above referenced collection activities, Defendants violated 15 U.S.C. § 1692 *et seq.*

31.     Specifically and without limitation, Defendant IRR violated the FDCPA by:

   (a)     Representing to Mr. Giunta that he owes money to Leonid Chernobelsky, M.D., when no balance is owed, the original balance of $556.00 having been paid by personal check on July 20, 2010 by Mr. Giunta, and/or overstating any balance owed, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1);

(b)    Representing that Mr. Giunta's account was 296 days delinquent in March 2011, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10);

(c)    Representing that "no valid dispute has been received on [the] account,"in March 2011, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10); and

(d)    Representing in April 2011 to Mr. Giunta that the balance of the debt he allegedly owes to Leonid Chernobelsky, M.D. had changed from $1,080.00 to $7,544.00 without justification, and in reprisal for Mr. Giunta's inquiries as to the basis of the $1,080.00 charge and requests for the bill's itemization, in violation of 15 U.S.C. §§ 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

32.    Specifically and without limitation, Defendant Hooten violated the FDCPA by:

(a)    Representing to Mr. Giunta that he owes money to Leonid Chernobelsky, M.D., when no balance is owed, the original balance of $556.00 having been paid by personal check on July 20, 2010 by Mr. Giunta, and/or overstating any balance owed, in violation of §§ 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

(b)    Falsely stating in its August 9th that there was no "legal basis" for Mr. Giunta's "delay in payment", in violation of of §§ 15 U.S.C. §§ 1692g(b); 1692f, 1692f(1), 1692e, and 1692e(10);

(c)    Enforcing Dr. Chernobelsky and IRR's unlawful policy of increasing the consumer's stated balance in reprisal for any request for verification or itemization of the purported debt, inviolation of §§ 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

(d)    Falsely threatening litigation without any basis in fact or law, in violation of §§

1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

33.     As a result of these violations of the FDCPA, Mr. Giunta has suffered actual damages including, without limitation, emotional distress, stress, anxiety, aggravation, loss of sleep, loss of appetite, nervousness, emotional distress, fear, worry and loss of happiness, loss of concentration, irritability, embarrassment, humiliation, intimidation, loss of the tranquility, indignation, and pain and suffering.

34.     Defendant suffers from an irregular heart beat, a condition which has been aggravated due to Defendants' unlawful actions.

35.     As a result of these violations, Mr. Giunta is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Violations of New York General Business Law § 349
### (Against IRR, only)

36.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

37.     Each of the deceptive acts and practices by IRR set forth above constitutes a violation of N.Y. Gen. Bus. Law § 349, independent of whether these acts and practices constitute violations of any other law.

38.     These deceptive acts and practices were committed in conduct of business, trade, commerce or the furnishing of a service in this state.

39.     Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

40.     Specifically, upon information and belief, Defendant IRR routinely threatens alleged debtors with collection actions that it may not lawfully take, including but not limited to

arbitrarily increasing the balance of consumer debts allegedly owed in reprisal for consumer inquiries as to the basis of debts and requests for itemization of debts allegedly owed.

41. Upon information and belief, IRR also routinely falsely overstates the number of days that any balance is "overdue" or "delinquent."

42. Upon information and belief, IRR routinely represents to consumers who have disputed a debt that as "no valid dispute has been received, we are now considering this account to be legitimate and due" even where, as in the case of Mr. Giunta, the consumer sets forth a detailed and valid dispute.

43. Upon information and belief, the above referenced conduct is part of a systematic policy and practice developed by Defendant to strong-arm alleged debtors into making payments falsely claiming to have the ability to take actions that the law, in fact, does not permit.

44. Defendant's conduct and statements were materially misleading.

45. As a result of these violations of N.Y. Gen. Bus. Law § 349, Mr. Giunta suffered actual damages.

46. Upon information and belief, Defendant IRR's violations were willful and knowing and committed in bad faith.

47. For these reasons, Mr. Giunta is entitled to declaratory judgment that Defendants' practices are deceptive as defined under § 349; actual damages; three times the actual damages up to $1,000.00; and costs and reasonable attorneys' fees pursuant to N.Y. Gen. Bus. Law § 349(h).

**WHEREFORE**, Plaintiff respectfully requests that this Court award:

    a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendant's conduct violated the FDCPA; actual damages; statutory damages; and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692 k;

b. On the SECOND CAUSE OF ACTION (N.Y. Gen. Bus. Law § 349), Declaratory Judgment that IRR's conduct violated N.Y. Gen. Bus. Law § 349; actual damages; three times the actual damages up to $1,000.00; and costs and reasonable attorneys' fees pursuant to N.Y. Gen. Bus. Law § 349 (h);

c. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury.

Dated:          October 25, 2011
                White Plains, New York

Respectfully Submitted,

Daniel A. Schlanger, Esq. (ds-9330)
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930
daniel@schlangerlegal.com